IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC
JUN 19 2017
US District Court
Western District of NC

COLTON BOWERS,

Plaintiff,

v.

TOYS "R" US – DELAWARE, INC., JEFFREY POWELL, JADA MANGUM, and LOUISE HARKINS (a/k/a Louise Lawrence and a/k/a Louise Vanwagenen),

Defendants.

Civil Action No.: 3:16-cv-00179-GCM

## PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and with the concurrence of the Court,

1. Whereas Plaintiff's Complaint includes, *inter alia*, claims arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2. Whereas in defense of Plaintiff's claims it may be necessary for Defendants to produce during discovery or otherwise utilize documents containing confidential and/or proprietary information, specifically including but not limited to personnel information, documents regarding personnel decision making, and other documents and information Defendant considers to be confidential and proprietary. Further, in prosecution of Plaintiff's case, it may be necessary for him to produce during discovery or otherwise utilize documents containing certain personal, private medical or financial information. In addition, the parties believe that there is the

1

potential that third party witnesses may be required to produce documents and/or other testimony about topics that they consider confidential, including but not limited to personnel records.

3. Whereas the Court concurs that the parties have an important interest in protecting the confidentiality of that information given its sensitive, proprietary and personal nature.

It is hereby **ORDERED, ADJUDGED** and **DECREED** that:

4. The parties and other potential third party witnesses may designate and mark as "Confidential" documents and information that they believe in good faith contains confidential and/or proprietary information where such information is held as confidential by the producing party, including but not limited to personnel information, personnel decision making information, other company confidential business information and/or trade secrets, and personal, private medical or financial information.

5. Any document or information designated as "Confidential" shall be used by the parties only in connection with the above-captioned action and shall not be disclosed to, or used by, any person other than those identified hereafter under the conditions and limitations described herein.

6. Any document or information designated as "Confidential" by a party or other third party witness may only be disclosed by either party to:

      a. the Court, as long as such document or information is filed under seal and the Clerk is hereby directed to accept such documents or information under seal;

      b. counsel of record in this action;

      c. the parties, their officers, directors and employees, as applicable, and only to the extent such disclosure is necessary to assist in the prosecution or defense of this matter;

    d.    law clerks, paralegals, legal assistants, stenographic and clerical employees of the parties' counsel who are assisting in the prosecution or defense of this matter, including in-house counsel for defendant Toys "R" Us;

    e.    independent experts working on behalf of one of the parties for the purposes of this litigation;

    f.    court reporters and support personnel of such court reporters retained in connection with depositions taken;

    g.    as to any particular document, its author, its addressee, and any other person indicated on the face of the document as having received the document;

    h.    any mediator engaged by the parties to this action; and

    i.    a potential witness or deponent in this action when the confidential information is or may be (in the good faith belief of counsel) related to the witness or deponent's testimony or knowledge of the matters in this lawsuit.

7. If any "Confidential" document or information is used during a deposition, parties may designate the portion of the transcript (including exhibits) that contains confidential information by making a statement to such effect on the record in the course of the deposition. The parties also may designate as Confidential any portions of the transcript (including exhibits thereto) by written notice to the other party's counsel within thirty (30) days following receipt of the transcript of such deposition. The entire transcript shall remain Confidential until that time.

8. Any person described above in Paragraph 6(e) to whom either party discloses documents or information pursuant to this Order shall receive or be shown a photocopy of this Order and shall agree to abide by its provisions.

9. Each person examining any information or document designated as Confidential and disclosed by either party or third party witnesses hereby agrees to be subject to the jurisdiction of this Court for contempt and any other appropriate proceedings in the event of any violation of this Order.

10. No person who examines any document or information designated Confidential and disclosed by either party or other third party witnesses shall disseminate orally, in writing, or by

any other means the document or any information contained therein to any other person not also authorized to examine the document or information.

11. All documents and information designated as Confidential shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that the document or information designated as Confidential shall not be covered by the terms of this Order and all proceedings and appeals challenging such decisions have been concluded.

12. Upon request, no later than sixty (60) days after a Final Order is entered in this action, including exhaustion of any and all appeal rights, each party shall retrieve all copies of materials designated "Confidential" from his or its own files, and from experts or other persons to whom he or it has provided such materials consistent with this Protective Order, and shall do one of the following: (1) return the materials, including all copies thereof, to the producing party; (2) certify in writing to the producing party that all such material has been destroyed; or (3) certify in writing to the producing party that all such material has been retained only by the attorneys appearing in this action and has been segregated from the other information and used for no purposes other than to preserve a record of this litigation.

13. If a party objects to a Confidential designation under this Order, the objecting party shall notify the disclosing party in writing. The party that designated the material objected to as Confidential shall then have the burden of demonstrating the basis for such designation. Within ten (10) business days of the receipt of such written notice, or at such other time as agreed upon by counsel for the parties, counsel for the disclosing party and the objecting party shall meet-and-confer in an effort to resolve their differences. If the parties cannot resolve their differences, the objecting party may apply to the Court for a ruling on the disclosing party's designation of

Confidential, and the disclosing party will continue to bear the burden of proving that the materials at issue are entitled to Confidential status. While any such application is pending, the documents or information subject to that application will remain Confidential until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any documents or information as Confidential or preventing any party from seeking further protection for any material it produces in discovery.

14. In the course of producing documents and information during discovery, a party may inadvertently produce documents that are privileged, including but not limited to documents protected by the attorney-client privilege, work product doctrine, or mediation privilege (together, all inadvertently produced documents shall be a "Privileged Document"). Inadvertent production of a Privileged Document shall not be deemed a waiver of any applicable privilege. Upon discovery that a Privileged Document has been produced, the producing party shall promptly notify counsel for the other party who shall promptly return the Privileged Document and all copies of the Privileged Document. Within five (5) business days, the producing party shall produce or supplement a privilege log stating the basis for the assertion of privilege with respect to that Privileged Document. If a party contends that a Privileged Document has been erroneously designated as such, the party will nevertheless return the Privileged Document and all copies of the Privileged Document to the party asserting the privilege. Nothing herein prevents a party from challenging the Confidential designation of a document or information as privileged.

15. Nothing in this Protective Order shall limit the parties' ability to use or disclose any of their own documents or information in the ordinary course of business. The parties may file under seal any documents or information designated as Confidential.

16. Nothing in this Protective Order shall limit the parties' ability to use any documents or information designated as Confidential at trial in this action, and the parties agree that if this matter proceeds to trial, the parties will work cooperatively to develop a process for handling and/or using any Confidential documents at trial, including redacting any information, where appropriate. Both parties reserve their rights to challenge the designation or seek further protection from the Court regarding the use of confidential documents or information at trial.

17. Nothing in this Protective Order shall be construed to require any party to notify or obtain permission from the other party or any third party witness before introducing materials designated as Confidential at trial or examining witnesses about materials designated Confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, Local Rules or order of the Court.

18. The Clerk is hereby directed to accept as filed under seal all documents or information designated as Confidential.

19. Nothing herein shall prejudice the parties' or any third party witnesses' rights or abilities to petition the Court for additional or different relief.

20. The ultimate disposition of Confidential materials shall be subject to a final order of the Court upon completion of the litigation.

Entered this the 14th day of June, 2017.

*Graham C. Mullen*